UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JACOB S. BROWN,

Plaintiff,

v.

Comm. SHERYL RAMSTAD-HVASS, Dept. of Corrections, Warden DAVID CRIST, Ind. Dir. JOHN GALZKI, Prog. Dir. LINDA HARDER, Prog. Dir. MARY McCOMB, Hearing Off. PETE BJURSTROM, R.N. Supvr. CHERYL HAGEN, Lt. MICHELLE SMITH, Lt. ROBERT CRAIG, Ind. Supvr. WAYNE GUTTSEN, Labtech. PAT DEADELL, CHRIS CEMAN, M.D., CMS PHIL JACKSON, CSC TRACY HOSKING, and Ombudsman DAVID LARSON,

Defendants.

---

Civil No. 01-726 (RHK/ESS)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota, commenced this action on April 27, 2001, by filing a complaint and an application seeking leave to proceed in forma pauperis, ("IFP"). However, Plaintiff's complaint and IFP application were not accompanied by the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). That omission was called to Plaintiff's attention by the Court's prior order of May 8, 2001. (Docket No. 3.) The order informed Plaintiff that his case could not go forward until he paid his initial partial filing fee, and that the case would be dismissed if he did not pay the required fee, ($8.21), within 30 days.

Plaintiff has now paid his initial partial filing fee, so the case is ripe for further review. The Court must (a) determine whether Plaintiff's IFP application should be

FILED JUN 2 0 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

granted, and (b) complete the initial screening of Plaintiff's complaint, as required by 28 U.S.C. § 1915A.

The Court notes, however, that Plaintiff has recently filed two documents that purportedly amend his complaint. (Docket Nos. 5 and 6.) Those two documents must be stricken, because they do not comply with Local Rule ("LR") 15.1. That rule requires, inter alia, that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." (Emphasis added.) Plaintiff's two most recent submissions are only partial pleadings, which do not satisfy the requirements of LR 15.1. Because Plaintiff has not "reproduce[d] the entire pleading as amended," his two recent efforts to amend his complaint will be stricken.

However, Plaintiff is still entitled to amend his complaint in this action "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a). Thus, if Plaintiff wishes to file an amended complaint, he may do so without seeking leave of court. If Plaintiff chooses to amend, however, he must comply with the Local Rules. This means that he must file an entirely new pleading. He cannot simply add to, or expand upon, the allegations set forth in his original complaint, as that pleading will essentially be nullified upon the filing of an amended complaint. Any amended complaint Plaintiff may file will completely replace the original complaint.

If Plaintiff chooses to file an amended complaint, he must also comply with LR 9.3, which requires prisoners to submit their civil rights claims on the complaint form prescribed for use in this District. Copies of the prescribed form are available from the

Clerk's office. The form includes instructions that should be carefully followed. In addition, Plaintiff will have to follow the general pleading rules set forth at Fed. R. Civ. P. 8-11. This means, inter alia, that he must state his claims simply and concisely. Fed. R. Civ. P. 8(e)(1). He must adequately identify the factual and legal grounds for his claims against each of the individual defendants. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). And he must set forth each factual allegation in a separate numbered paragraph. See Fed. R. Civ. P. 10(b). Any amended pleading that Plaintiff may submit must be clearly labeled "Amended Complaint," and again, Plaintiff must recognize that any such amended pleading will wholly supercede, and effectively nullify, his original complaint.

If Plaintiff has not filed an Amended Complaint by July 6, 2001, the Court will assume that he does not intend to file one. Thereafter, the Court will review Plaintiff's pleading, (either his original complaint, or the Amended Complaint if he has filed one), pursuant to 28 U.S.C. § 1915A to determine whether he has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendants be served by the U.S. Marshal.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's purported amendments to his original complaint, filed May 17, 2001, (Docket No. 5), and June 1, 2001, (Docket No. 6), are STRICKEN;

2. If Plaintiff intends to amend his complaint he shall file an Amended Complaint, which satisfies the requirements of this order and all applicable Federal and Local Rules, by no later than July 6, 2001; and

3. After July 6, 2001, the Court will review Plaintiff's complaint, or his Amended Complaint if he has filed one, pursuant to 28 U.S.C. § 1915A.

Dated: June 20, 2001

E.S. Swearingen

E.S. SWEARINGEN
United States Magistrate Judge