UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JACOB S. BROWN,

Plaintiff,

v.

COMM. SHERYL RAMSTAD-HVASS, DEPT. OF CORRECTIONS; WARDEN DAVID CRIST; IND. DIR. JOHN GALZKI; PROG. DIR. LINDA HARDER; PROG. DIR. MARY MCCOMB; HEARING OFF. PETE BJURSTROM; R.N. SUPVR. CHERYL HAGEN; LT. MICHAEL SEATH; LT. MICHELLE SMITH; LT. ROBERT CRAIG; IND. SUPVR. WAYNE GUTTSEN; LABTECH PAT WENDELL; CHRIS CEMAN, M.D.; CMS PHIL JACKSON; CSC TRACY HOSKING; OMBUDSMAN DAVID LARSON; ALL IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES,

Defendants.

Civil No.01-726 (RHK/ESS)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff Jacob S. Brown's motions to seize and surrender officer's log and watch record and audiotape for safekeeping and in camera inspection [Docket No. 13], for participation and/or intervention of United States Attorney General or Independent Counsel [Docket No. 16], for discovery of audiotape, watch records, medical entries, Ombudsman report statements and miscellaneous items [Docket No. 23], for discovery of incident reports A-Seg Intake packet use cassette player [Docket No. 25], and for intervention of the U.S. Attorney General, appointment of counsel, reverse lifer group directive, pending retaliatory Rush City transfer, and to compel release of requested discovery material [Docket No. 28]. The Defendant filed a responsive memorandum that addressed the motions

FILED DEC 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

contained in Docket Numbers 23, 25, and 28.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331. These proceedings have been referred to the undersigned under 28 U.S.C. § 636 and Local Rule 72.1(c). Based on the file and documents contained therein, along with the memoranda and arguments of counsel, the Court makes the following:

**ORDER**

1) **Motion to Seize and Surrender.** Plaintiff moved for the seizure of the September and October 2000 Officer's Log and Watch Records for both the Segregation and Discipline Units at MCF-Stillwater and audiotape #69 of a discipline hearing. This motion was dated August 19, 2001 and was filed August 21, 2001. Rule 5(a) of the Federal Rules of Civil Procedure requires that "every written motion other than one which may be heard ex parte" must be served upon any party not in default. Plaintiff's motion was mailed to the Court without an Affidavit of Service; there is no indication that it has been sent to opposing counsel. Furthermore, the Court notes that the Summonses in this case were not sent out until August 30, 2001. From this, the Court concludes that none of the Defendants was in default at the time the motion was filed because they had not yet been served the Summons and Complaint. In addition, Plaintiff has given no authority for the proposition that this motion may be brought ex parte.[1]

For these reasons, the Court concludes that Plaintiff's motion was premature and not served properly upon the Defendants. Accordingly, the Plaintiff's motion is **DENIED WITHOUT PREJUDICE** [Docket No. 13]. If he wishes, Plaintiff may renew this motion by re-filing the motion and serving the Defendants in accordance with the Federal Rules of Civil Procedure.

---

[1]In any case, the Pretrial Order in this case specifies that the Court will not entertain ex parte motions [Docket No. 21].

2) **Motion for Participation and Intervention.** Plaintiff moved for the participation and intervention of the United States Attorney General or Independent Counsel. Plaintiff relied on Ruiz v. Estelle, 679 F.2d 1115 (5th Cir. 1982), and 42 U.S.C. § 1997. Like the previous motion, this motion was not served on the parties; it was simply sent to the Court. However, Plaintiff brought the substantially the same motion a second time in Docket No. 28; the second motion was served upon the Defendants. Accordingly, Plaintiff's motion is **DENIED WITHOUT PREJUDICE** [Docket No. 16]. The Court will treat this motion as if it has been renewed by Plaintiff's motion in Docket No. 28.

3) **Motions for Discovery.** Plaintiff brought two motions for discovery, seeking an audiotape, watch records, medical entries, Ombudsman report statements, incident reports, A-Seg Intake packet use cassette player, and miscellaneous items. Plaintiff filed a letter which explained that he has received numerous documents [Docket No. 26]. The Defendants maintain that they have responded to Plaintiff's discovery requests [Docket No. 32].

The Plaintiff did not certify that his motions were brought after a good faith effort to secure the discovery without court action, as required by Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure. The Court anticipates that discovery issues will continue to arise in this case, in light of both the Court's decision with respect to the Plaintiff's August 21 Motion to Seize and Surrender and Defendant's response to Plaintiff's Motions. Accordingly, Plaintiff's Motions are **DENIED WITHOUT PREJUDICE** [Docket Nos. 23 and 25]. The parties are directed to continue engaging in discovery between themselves without seeking the Court's intervention. Should any discovery requests remain disputed or outstanding on **January 25, 2001**, the parties are permitted to bring them to the Court's attention at that time by way of motion.

4) **Plaintiff's Second Motion for Intervention.** Plaintiff's most recent motion has

several parts. Plaintiff reiterated his motion for intervention of the U.S. Attorney General or for the appointment of counsel for the Plaintiff. He also requested a temporary restraining order against the Defendants to prevent them from requiring his participation in the "Lifer" group and from transferring him to another correctional facility. Finally, he moved to compel discovery requested in his earlier motions. For the reasons stated below, this motion is denied in part, reserved in part, and denied without prejudice in part.

Plaintiff has moved for the intervention of the United States Attorney General.[2] Plaintiff's motion relied on Ruiz v. Estelle, 679 F.2d 1115 (5th Cir. 1982), and 42 U.S.C. § 1997. He argues that the motion should be granted because: 1) two of the defendants are attorneys and at least one of them has ties or was formerly associated with the USA, 2) the Plaintiff is reporting conditions that violate 42 U.S.C. § 1997 and is subject to retaliation within the meaning of 42 U.S.C. § 1997d, and 3) the complaint alleges violations of federal laws which provide no civil liability against defendants, cannot form the basis of a cause of action for damages, and do not permit the Plaintiff to institute criminal proceedings [See Docket No. 16].

Federal Law provides that:

> Whenever an action has been commenced in any court of the United States seeking relief from *egregious or flagrant conditions* which deprive persons residing in institutions of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing them to suffer *grievous harm* and the Attorney General has reasonable cause to believe that *such deprivation is pursuant to a pattern or practice* of resistance to the full enjoyment of such rights, privileges, or immunities, the Attorney General, for or in the name of the United States, may intervene in such action upon motion by the Attorney General.

42 U.S.C. § 1997c (emphasis added). At the outset, the Court notes that the statute does not

[2]Though Plaintiff did not serve Docket No. 16 on the Defendants, the Court has considered Docket No. 16 in its interpretation of Plaintiff's motion in Docket No. 28.

require the Attorney General to intervene; it permits the Attorney General to intervene. In addition, the language of the statute suggests that intervention is only justified in extreme cases.

On this point, Ruiz in instructive. Ruiz began as a case brought by a single individual, a prisoner who complained about the conditions in the prisons in Texas. While there was only one Plaintiff, the District Court ordered the Attorney General to be appear as amicus curiae; subsequently, the Attorney General successfully moved to intervene. Ruiz, 679 F.2d at 1134. Seven other similar cases were consolidated with it and the case eventually became a class action suit involving 33,000 prisoners in Texas correctional facilities. Among the findings of the District Court were that: 1) 1,000 prisoners had been required to sleep on the floor because of overcrowding, 2) the Texas Department of Corrections housed 2 to 4 inmates in cells designed for a single inmate, 3) the prisons did not have the adequate number of security guards, resulting in the Department's inability to protect an inmate's personal safety, and 4) assault and molestation were continual threats to the prisoners. Id. at 1140-41. While Plaintiff's Complaint makes serious allegations, they do not depict the egregious conditions and patterns or practices on the part of the Defendants that would require the intervention of the Attorney General. This case simply is not analogous to Ruiz.

The other reasons given by the Plaintiff do not seem relevant to the issue. For purposes of deciding whether the Attorney General should intervene, the Court fails to see the relevance of the fact that two of the defendants are attorneys and at least one of them has ties or was formerly associated with the USA. Considering the above analysis of Ruiz, the Court is not convinced that the Plaintiff is reporting conditions that violate 42 U.S.C. § 1997; consequently, the Court is not convinced that Plaintiff is subject to retaliation within the meaning of 42 U.S.C. § 1997d. Finally, the unavailability of certain remedies on Plaintiff's part does not appear to be a factor in

the Attorney General's consideration as to whether intervention is proper. For all these reasons, the Court is not convinced that it should require the intervention of the Attorney General. Accordingly, Plaintiff's motion for intervention is denied.

With respect to Plaintiff's motion for appointment of counsel, the Court is not persuaded that an appointment is proper at this time. However, because appointment may be appropriate at a later date, the Court is merely denying this motion without prejudice.

In deciding whether to appoint counsel in a civil case, a district court must consider whether the plaintiff and the court will substantially benefit from the appointment of counsel, considering the factual and legal complexity of the case, the plaintiff's ability to investigate the facts, the existence of conflicting testimony and the ability of the plaintiff to present his claim. Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996); see also Swope v. Cameron, 73 F.3d 850 (8th Cir. 1996). The appointment of counsel should be given serious consideration if the plaintiff has not alleged a frivolous or malicious claim and the pleadings state a prima facie case. Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992).

Brown's Amended Complaint contains 30 counts [Docket No. 11]. Though this is a civil action, many of the counts allege criminal violations. For example, Counts 19 and 20 allege perjury under Minnesota Statutes § 609.48, subdivision 1; Counts 1 through 7 allege criminal violations of various sections of Title 18 of the United States Code, the section of the Code containing federal criminal law. However, Count 8 alleges a violation of Plaintiff's civil rights under 42 U.S.C. § 1983. Counts 26 through 30 allege violations of Plaintiff's constitutional rights pursuant to the First, Fifth, Sixth, Ninth, and Fourteenth Amendments. While many of these counts may ultimately be deemed frivolous, the factual pleadings in the Amended Complaint suggest that some of them are not. Furthermore, while Plaintiff may not be able to

sustain the criminal claims against the Defendants, any illegal actions by the Defendants might still be relevant to Plaintiff's civil claims.

Plaintiff alleges that he was discriminated on the basis of his race and religion. In his Amended Complaint, Plaintiff describes himself as a "Jewish mulatto male." He alleges that, after he declined to attend Christian sermons given by his foreman, his foreman began discriminating against him by insulting him, sabotaging his pay records, downgrading the quality of Plaintiff's work, and interfering with Plaintiff's work schedule. Plaintiff alleges that his complaints about his treatment were ignored. He also alleges that violations with respect to Plaintiff's dietary and personal hygiene needs. He also alleges that he has been retaliated against for expressing criticism of the prison system in letters sent to the local paper. Plaintiff has filed numerous documents in relation to these factual allegations [See Docket No. 29].[3]

From the above discussion, the Court concludes that Plaintiff's claim is not factually or legally complex, he has demonstrated an adequate ability to investigate his case,[4] and he has presented an adequate ability to present his claim. However, the Court anticipates that there will be conflicting testimony if this case proceeds to trial. The Court is also concerned by Plaintiff's assertion that a "pending transfer" to another facility may impair his ability to present his case [See Docket No. 28]. Finally, Plaintiff has waived his request for a jury trial [Docket No. 27]. This fact is relevant to the Court's consideration about whether to appoint counsel. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991). Given all these factors, the Court concludes that

---

[3]The Court notes, however, that Plaintiff has failed to certify the authenticity of the documents in Docket No. 29, which is required if Plaintiff intends to rely upon them for purposes of any summary judgment motions. See Fed. R. Civ. P. 56(e).

[4]Plaintiff's familiarity with the discovery process, while less than perfect, has not yet hindered him from conducting some form of discovery.

the appointment of counsel will not substantially benefit the Court and the Plaintiff at this time. Should Plaintiff's circumstances change dramatically, or if this case ultimately proceeds to trial, the Plaintiff may renew his motion for appointment of counsel.

Plaintiff has moved the Court for a temporary restraining order against the Defendants to prevent them from requiring his participation in the "Lifer" group and from transferring him to another correctional facility. The undersigned is without the authority to grant the requested relief. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), Plaintiff's motion for injunctive relief is reserved for discussion in a separate Report and Recommendation to Judge Richard H. Kyle, to be issued at a later date.

With respect to Plaintiff's motion to compel discovery, the Defendants accurately state that they have thirty days to respond to requests for discovery. Fed. R. Civ. P. 34(b). Plaintiff's motions for discovery were mailed on October 26 and October 31. His Motion to Compel was mailed on November 26. Furthermore, Plaintiff did not certify that his motion was being brought after a good faith effort to secure the discovery without court action, as required by Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure. Given the timing of Plaintiff's filings, the fact that the Plaintiff is proceeding *pro se*, and the Court's above discussion of the timing of future discovery motions, Plaintiff's Motion to Compel is denied without prejudice.

In accordance with the above discussion, Plaintiff's motion is **DENIED IN PART, RESERVED IN PART, AND DENIED WITHOUT PREJUDICE IN PART** [Docket No. 28].

Dated: December 21, 2001

E. S. Swearingen

E. S. SWEARINGEN
United States Magistrate Judge